GLADYS W. SCHARMANN, APPELLANT, V. DAYTON HUDSON CORPORATION, DOING BUSINESS AS TARGET STORES, DOING BUSINESS AS TARGET, APPELLEE.

526 N.W.2d 436

Filed January 27, 1995. No. S-93-500.

Thomas A. Gleason and Kenneth W. Pickens for appellant.

Ronald F. Krause, of Cassem, Tierney, Adams, Gotch & Douglas, for appellee.

HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ.

WHITE, J.

Plaintiff–appellant Gladys W. Scharmann appeals from a jury verdict entered in Douglas County District Court in favor of defendant–appellee Dayton Hudson Corporation, doing business as Target Stores. Scharmann contends that the district court erred in its jury instructions. We affirm.

On September 24, 1991, Scharmann was struck by a shopping cart while on the premises of Target's store at 90th and Maple Streets in Omaha, Nebraska. The shopping cart knocked Scharmann to the ground, causing physical injuries. Consequently, Scharmann filed a negligence action against Target.

In its jury instructions, the district court informed the jury that Target had admitted that Scharmann's injuries had occurred on Target's property. The district court's instruction No. 2, relying heavily on NJI2d Civ. 8.22, which Scharmann challenges in this appeal, provided:

> In her petition, the plaintiff claims that on September 24, 1991, the plaintiff was struck by a wind–blown

shopping cart under the care and control of the defendant while she was on a walkway adjacent to the parking lot in front of the east side entrance to the defendant's store at 90th and Maple Streets in Omaha, Douglas County, Nebraska.

The plaintiff alleges that the defendant was negligent in one or more of the following particulars:

(a) By leaving unattended shopping carts on the adjoining walkway and/or parking lots surrounding defendant's store;

(b) By failing to make timely inspection of the area around the store to bring in all unattended shopping carts.

The plaintiff claims in her petition that as a proximate cause of the defendant's negligence she was injured, and prays for judgment against the defendant for her damages.

The defendant admits in its answer to the plaintiff's petition that the plaintiff fell on the defendant's property, that a shopping cart was involved, and that the plaintiff sustained injuries and underwent medical treatment.

## BURDEN OF PROOF

Before the plaintiff can recover against the defendant, the plaintiff must prove, by the greater weight of the evidence, each and all of the following:

(1) That the defendant either created the condition complained of by the plaintiff in her petition, knew of the condition, or, by the exercise of reasonable care would have discovered the condition;

(2) That the defendant should have realized that the condition involved an unreasonable risk of harm to the plaintiff;

(3) That the defendant should have expected that plaintiff either:

(a) would not discover or realize the danger;

(b) would fail to protect herself against the danger;

(4) *That the defendant failed to use reasonable care to protect the plaintiff against the danger;*

(5) That the defendant's failure to use reasonable care was the proximate cause of the incident complained of;

(6) That the incident complained of was a proximate

cause of damage to the plaintiff; and

(7) The nature and extent of that damage.

## EFFECT OF FINDINGS

If the plaintiff has not met this burden of proof, then your verdict must be for the defendant.

On the other hand, if the plaintiff has met this burden of proof, then your verdict must be for the plaintiff.

(Emphasis supplied.)

Furthermore, the district court instructed the jury that Scharmann had alleged that Target was negligent by (1) leaving unattended shopping carts in the parking lot or (2) failing to timely inspect the area around the store to bring in all unattended shopping carts. However, the district court did not instruct the jury that Scharmann had alleged that Target was negligent by failing to erect barriers or some sort of barricades to prevent shopping carts from rolling into customers entering or leaving its store.

The jury returned a verdict for the defense. Scharmann thereafter filed a motion for a new trial, which the district court denied. Scharmann has appealed, assigning two errors.

Scharmann's first assignment of error is that the district court erred in failing to expressly use the term "duty" when instructing the jury about the obligation owed by Target to its business invitees. In essence, Scharmann challenges NJI2d Civ. 8.22 as an incorrect statement of a landowner's premises liability. In an appeal based on the claim of an erroneous jury instruction, the appellant has the burden to show that the questioned instruction was prejudicial or otherwise adversely affected a substantial right of the appellant. *McDermott v. Platte Cty. Ag. Socy.*, 245 Neb. 698, 515 N.W.2d 121 (1994); *Vacanti v. Master Electronics Corp.*, 245 Neb. 586, 514 N.W.2d 319 (1994); *Macholan v. Wynegar*, 245 Neb. 374, 513 N.W.2d 309 (1994). In the case at bar, the district court's instruction taken as a whole correctly states the law, is not misleading, and adequately covers the issues. See, *Carnes v. Weesner*, 229 Neb. 641, 428 N.W.2d 493 (1988); *Gilbert v. Archbishop Bergan Mercy Hospital*, 228 Neb. 148, 421 N.W.2d 760 (1988). Therefore, the district court's instruction does not constitute reversible error.

In *Burns v. Veterans of Foreign Wars*, 231 Neb. 844, 856, 438 N.W.2d 485, 493 (1989), we stated that a correct statement of the law regarding premises liability for a possessor of land is:

> A possessor of land is subject to liability for injury caused to a business invitee by a condition on the land if (1) the possessor defendant either created the condition, knew of the condition, or by the exercise of reasonable care would have discovered the condition; (2) the defendant should have realized the condition involved an unreasonable risk of harm to a business invitee; (3) the defendant should have expected that a business invitee such as the plaintiff, either (a) would not discover or realize the danger, or (b) would fail to protect himself or herself against the danger; (4) *the defendant failed to use reasonable care to protect the plaintiff invitee against the danger*; and (5) the condition was a proximate cause of damage to the plaintiff.

(Emphasis supplied.) In all material aspects, this statement from *Burns* is exactly the same as NJI2d Civ. 8.22. In both *Burns* and NJI2d Civ. 8.22, subpart (4) contains the landowner's duty—the landowner must use reasonable care to protect business visitors against danger—and mere failure to use the legal term "duty" does not render the instruction or statement of law ineffectual. As we have long held, it is an instruction's meaning, not its phraseology, that is the crucial consideration, and a claim of prejudice will not lie when the instruction's meaning is reasonably clear. *Dotzler v. Tuttle*, 234 Neb. 176, 449 N.W.2d 774 (1990). We are therefore compelled to conclude that the district court did not err when it instructed the jury pursuant to NJI2d Civ. 8.22.

Scharmann's second assignment of error is that the district court erred in failing to include all of her allegations of negligence that were supported by the evidence. She contends that the district court erred by failing to instruct the jury that she had alleged that Target was negligent by failing to erect barriers or some sort of barricades to prevent shopping carts from rolling into customers entering or leaving its store. However, we have previously held that "[i]t is not error to refuse to give a requested instruction if the substance of the request is in the instructions actually given." *Carnes*, 229 Neb.

at 646, 428 N.W.2d at 497. Accord *Bishop v. Farm Bureau Life Ins. Co.*, 228 Neb. 74, 421 N.W.2d 423 (1988). Since the district court properly instructed the jury that Target could be held liable if it did not use reasonable care to protect its business visitors against danger, the jury could have reasonably found that the failure to build such barriers was itself one of those unreasonable actions for which Target could be held liable.

In the case at bar, the trial court's instructions to the jury clearly reflect in substance Scharmann's allegations of negligence, including the failure to have a barrier. The instruction given would have allowed the jury to find Target liable for negligence, provided the requisite facts were present.

We affirm the district court's decision and the jury's verdict in favor of Target.

AFFIRMED.