MARJORIE L. POSTMA, APPELLANT, v. B & R STORES, INC., DOING BUSINESS AS SUPER SAVER, AND GIBSON GREETING CARDS, INC., APPELLEES.

550 N.W.2d 34

Filed July 5, 1996.   No. S-94-103.

Ronald D. Lahners, of Friedman Law Offices, for appellant.

Thomas D. Wulff, of Rickerson, Welch, Wulff & Childers, for appellee B & R Stores.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

PER CURIAM.

Appellant, Marjorie L. Postma, commenced this action in the district court for Lancaster County against appellees, B & R Stores, Inc., doing business as Super Saver, and Gibson Greeting Cards, Inc., seeking damages for injuries she suffered when she slipped and fell in a Super Saver grocery store. Gibson was joined in the petition solely for the purposes of workers' compensation subrogation. A jury returned a verdict for Super Saver and Gibson. After denial of her motion for new trial, Postma appealed to the Nebraska Court of Appeals, assigning as error the trial court's failure to allow a request to amend the petition made at the close of the evidence and its failure to give Postma's proposed jury instructions dealing with the duty of reasonable care. In order to regulate the caseloads of this court and the Nebraska Court of Appeals, we transferred the case to this court's docket. We conclude that the trial court did not abuse its discretion in denying the request to amend and that the trial court correctly instructed

the jury. Accordingly, we affirm the ruling of the trial court denying the motion for new trial.

## FACTUAL BACKGROUND

Super Saver, owned by B & R and located at various sites in Lincoln, Nebraska, is a warehouse-type grocery store with concrete floors. The Super Saver store in question is located at 233 North 48th Street. At all times relevant to this case, Postma was employed as a greeting card stocker by Gibson, a company that displayed goods in a number of B & R stores, including Super Saver, by mutual arrangement with B & R. Postma was an active woman in her late fifties. She had previously undergone spinal fusion surgery in 1964 to correct a stress fracture of her lower spine caused by a birth defect called spondylolysis.

On December 7, 1987, Postma was working in the Gibson display area in the Super Saver store at 233 North 48th Street, which display area was located near the front of the store, to the north of the cash registers. As part of her duties for Gibson, Postma was in charge of stocking, straightening, and maintaining the Gibson display area. Under an agreement with the store, merchandise of competitors found in a particular display area was to be collected and delivered to an open cash register at the front of the store.

At approximately 4 p.m. on December 7, 1987, Postma and a friend, who was also working in the store, were conversing while walking from the card display area to the cash registers so that Postma could return two rolls of a competitor's wrapping paper to an open cash register. Postma found an open cash register near the middle of the register area. She approached this register by walking around a magazine rack located in front and to the side of the register's conveyor belt. While attempting to set the rolls of wrapping paper on the conveyor belt, she slipped and fell on the floor directly behind the conveyor belt area of the cash register lane. Postma landed on her hip and buttocks area as a result of the fall and injured her wrist, ankle, and back. After the fall, Postma and other witnesses discovered that there were grapes both on the floor where Postma fell and on her shoe. The produce area is

located along the northernmost outer edge of the store, and the grapes are displayed in bulk; they are not prepackaged.

## TRIAL PROCEEDINGS

In October 1991, Postma filed suit against Super Saver and Gibson, asserting, on a theory of constructive notice, that Super Saver was negligent in failing to inspect and maintain its floors, failing to warn Postma of the dangerous condition, and failing to provide Postma with a safe place to work. Super Saver denied negligence, asserting contributory negligence on the part of Postma for failing to observe that which was in plain view. During trial, the parties stipulated to the fact that Postma was a business invitee.

The exhibits in this case consisted of medical records; bills; x rays; financial information on Postma; and various photographs and diagrams of the Super Saver store in question, specifically the checkout area and the produce area. Also included was a series of photographs of grapes on the Super Saver floor, at various distances.

In addition to her own testimony in support of her case, Postma presented testimony from Alice Harrison, the friend who was walking with Postma at the time Postma fell; Ronald Scholz, the manager of the Super Saver at 233 North 48th Street; Dr. Michael Keralis, the physician who examined Postma at a medical clinic immediately after the accident; Rob Rempel, the cashier at Super Saver in front of whose register Postma fell; and Dr. H. Randall Woodward, the physician who performed cervical fusion surgery on Postma.

Super Saver presented the testimony of Chrystal McCarthy, the front-end manager of Super Saver in charge of the cash register area on the day of the fall, and Richard Malousek, who was the manager of the Super Saver at 233 North 48th Street at the time of the fall.

All of the Super Saver employees testified that they were neither specifically aware of the grapes in question before the fall nor aware of how long these grapes had been there. Testimony regarding the cleanliness standards and practices of Super Saver was elicited from various witnesses, to the effect that all employees were trained to help with cleaning, that

managers regularly patrolled areas for fallen debris, and that a full-time maintenance person swept the floors every 2 hours. This maintenance person was not available for trial due to a medical condition, and neither side presented a written record of when the maintenance person last swept the floors prior to the fall. Testimony as to how grapes were sold, i.e., in bulk, was also elicited from various witnesses over the objection of Super Saver.

At the close of the evidence, Postma moved to amend her petition to include a theory of negligent merchandising of grapes, and she proposed jury instructions on the duty of care including this issue. The trial court denied the motion to amend and refused Postma's proposed jury instructions on the duty of care owed an invitee. In addition to other instructions, the trial court instructed the jury on a constructive notice theory of negligence, contributory negligence, the duty of reasonable care owed a business invitee, and the burden of proof on the plaintiff. Specifically in regard to the plaintiff's burden of proof, the jury was instructed:

Before the plaintiff can recover against the defendant, the plaintiff must prove, by the greater weight of the evidence, the following:

(1) That the defendant either created the condition, knew of the condition or, by the exercise of reasonable care, would have discovered the condition;

(2) that the defendant should have realized that the condition involved an unreasonable risk of harm to the plaintiff;

(3) that the defendant should have expected that the plaintiff either:

(a) would not discover or realize the danger or

(b) would fail to protect herself against the danger;

(4) that the defendant failed to use reasonable care to protect the plaintiff against the danger;

(5) that the condition was a proximate cause of some damage to the plaintiff; and

(6) the nature and extent of that damage.

The jury returned a verdict for Super Saver and Gibson. Postma filed a motion for new trial, asserting, among other

things, that the court erred in failing to give proposed jury instructions as to the risk caused by bulk merchandising and the accompanying duty of care and in refusing to allow Postma to amend her petition to include a theory of negligent merchandising. The trial court denied the motion for new trial. Postma appeals the denial of her motion for new trial.

## ASSIGNMENTS OF ERROR

Postma asserts that the district court erred in (1) failing to allow her to amend her petition at the close of the evidence to include a theory of negligent merchandising and (2) refusing to give proposed jury instructions as to the duties of reasonable care owed to Postma, particularly in regard to foreseeable hazards caused by displaying goods in bulk in open bins. Postma does not assign as error the findings of the jury as to negligence.

## STANDARD OF REVIEW

Permission to amend pleadings is addressed to the discretion of the trial court; absent an abuse of discretion, the trial court's decision will be affirmed. *Wilson v. Misko*, 244 Neb. 526, 508 N.W.2d 238 (1993); *Concerned Citizens v. Department of Environ. Contr.*, 244 Neb. 152, 505 N.W.2d 654 (1993); *McCurry v. School Dist. of Valley*, 242 Neb. 504, 496 N.W.2d 433 (1993); *Bittner v. Miller*, 226 Neb. 206, 410 N.W.2d 478 (1987). Although at certain stages of a proceeding a pleading may not be amended so as to change the issues and quantum of proof as to any issue, Neb. Rev. Stat. § 25-852 (Reissue 1995) should be liberally construed and amendments permitted where they are proposed at an opportune time and will be in the furtherance of justice. *Hoiengs v. County of Adams*, 245 Neb. 877, 516 N.W.2d 223 (1994); *Bittner v. Miller, supra*.

To establish reversible error from a court's refusal to give a requested instruction, an appellant has the burden to show that (1) the tendered instruction is a correct statement of law, (2) the tendered instruction is warranted by the evidence, and (3) the appellant was prejudiced by the court's refusal to give the tendered instruction. *State v. Derry*, 248 Neb. 260, 534 N.W.2d 302 (1995). It is not error for a trial court to refuse

to give a requested instruction where the substance of the requested instruction was covered in the instructions given. *Scharmann v. Dayton Hudson Corp.*, 247 Neb. 304, 526 N.W.2d 436 (1995); *Nichols v. Busse*, 243 Neb. 811, 503 N.W.2d 173 (1993).

## ANALYSIS

### AMENDMENT OF PLEADINGS

At the close of the evidence, counsel for Postma requested leave to amend the pleadings to include the following additional allegation of negligence: "That the type of merchandising being engaged in by the defendant [bulk merchandising], in and of itself, created a foreseeable hazard to the plaintiff while she was working in the store." Counsel for Super Saver objected, and the trial court denied Postma's request to amend. Postma assigns as error the trial court's denial of her request to amend.

According to Nebraska statutory law, a court may,

> either before or after judgment, in furtherance of justice, and on such terms as may be proper, permit a party upon motion to amend any pleading, process, or proceeding . . . by inserting other allegations material to the case, or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved.

§ 25-852. While we need not reach the issue, we assume for the sake of argument that Nebraska recognizes a theory of negligence based on bulk merchandising which inherently creates a foreseeable hazard. However, we conclude that Postma's assignment of error must fail. Generally, § 25-852 should be liberally construed to allow amendments where they are proposed at an opportune time and in furtherance of justice. *Hoiengs v. County of Adams, supra*; *Bittner v. Miller, supra*. Such amendments may even be allowed at the close of the evidence. *Cofer v. Kuhlmann*, 214 Neb. 341, 333 N.W.2d 905 (1983); *Greenberg v. Bishop Clarkson Memorial Hospital*, 201 Neb. 215, 266 N.W.2d 902 (1978). However, amendments should not be allowed at certain stages of trial where amendments change the issues or quantum of proof on an issue.

*Associated Wrecking v. Wiekhorst Bros.*, 228 Neb. 764, 424 N.W.2d 343 (1988), citing *Bittner v. Miller, supra.* Furthermore, the decision whether to allow an amendment is a decision left to the discretion of the trial court. *Id.*; *Cimino v. FirsTier Bank*, 247 Neb. 797, 530 N.W.2d 606 (1995).

Therefore, Postma must show that the trial court abused its discretion in refusing to allow the proposed amendment. A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrain from action, but the selected option results in a decision which is clearly untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through the judicial system. *Cimino v. FirsTier Bank, supra.*

We conclude that Postma has not met the burden of showing that the actions of the trial court were clearly untenable. The operative petition in this case alleged negligence under a constructive notice theory of negligent maintenance, stating that Super Saver was negligent for the following reasons: "A. Failure to properly inspect and maintain its floors; B. Failure to warn Plaintiff that the floor was slippery and that a grape was on the floor; and C. Failure to provide Plaintiff with a safe place to work." The petition made no mention of how the grapes involved were displayed and sold, or that the method of merchandising, in itself, created a foreseeable hazard. Postma asserts that such theory was presented and argued in her trial brief. However, there is no evidence that such issue was contained in the pretrial statement of the trial court, which limited the issues for trial. In fact, in its order denying the motion for new trial, the trial court stated, "[T]his case was pled and pretried as a [regular] 'slip and fall' case."

The only evidence presented at trial apparently fitting the proposed theory of negligent merchandising consisted of some testimony on how merchandise was displayed, elicited by Postma's counsel on cross-examination. There was no evidence presented as to the practices of other stores or what specific procedures would protect against such a "foreseeable hazard." Furthermore, the motion to amend was not made until after the close of all the evidence, so that Super Saver did not

have the ability to present evidence on the issue. Consequently, we conclude that the trial court acted within its discretion in denying Postma's request to amend her petition, reasonably concluding that the amendment changed the issues involved in the case and that Postma presented the amendment at an inopportune time.

### JURY INSTRUCTIONS

Postma also assigns as error the trial court's refusal to give certain proposed jury instructions. Specifically, these proposed jury instructions are Nos. 1, 3, 4, 5, and 6. Proposed instructions Nos. 4, 5, and 6 all relate to the duty of care owed by a shopkeeper who displays merchandise in bulk. Having concluded that the trial court did not abuse its discretion in refusing to allow Postma to amend her petition, we conclude that the trial court did not err in refusing to give instructions Nos. 4, 5, and 6 dealing with theory of bulk merchandising risk, a theory that was neither pled nor proved.

In regard to proposed jury instructions Nos. 1 and 3, we conclude that, excluding the references to the bulk merchandising theory, the substance of these proposed instructions was contained in the instructions actually given to the jury. Under Nebraska law, it is not error for a trial court to refuse a requested jury instruction where the substance of that instruction is contained in the instructions actually given. *Scharmann v. Dayton Hudson Corp.*, 247 Neb. 304, 526 N.W.2d 436 (1995); *Nichols v. Busse*, 243 Neb. 811, 503 N.W.2d 173 (1993). Therefore, since the substance of these instructions, absent the theory of bulk merchandising, was contained in the instructions given the jury, the trial court did not err in refusing to give the proposed instructions. The trial court correctly instructed the jury as to the duty of care owed an invitee and the burden of proof on the plaintiff in this case. Accordingly, the order of the district court denying the motion for new trial is affirmed.

AFFIRMED.