THRIFT MART, INC., FORMERLY DOING BUSINESS AS
HEARTLAND THRIFTMART, APPELLANT, V.
STATE FARM FIRE & CASUALTY CO., APPELLEE.
558 N.W.2d 531

Filed January 10, 1997.     No. S-94-1122.

Michael B. Kratville, of Terry & Kratville Law Offices, for appellant.

John M. Ryan and Roger L. Shiffermiller, of Fraser, Stryker, Vaughn, Meusey, Olson, Boyer & Bloch, P.C., for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, WRIGHT, CONNOLLY, and GERRARD, JJ., and CASSEL, D.J.

WHITE, C.J.

Thrift Mart, Inc. (Thrift Mart), appeals after a jury verdict finding that State Farm Fire & Casualty Company (State Farm) did not breach its fire insurance policy with Thrift Mart. We affirm.

Thrift Mart's store, located at 5033½ South 24th Street in Omaha, Nebraska, was destroyed by fire on August 19, 1989. Thrift Mart reported the fire to its insurance carrier, State Farm, on August 22, 1989, and a State Farm representative came to investigate that day.

Thrift Mart's fire insurance policy provided for coverage of debris removal, loss of business personal property, and loss of business income. State Farm paid the policy limit for the debris removal and loss of business personal property coverages within a month of the fire. Thrift Mart claimed loss of business income damages in the amount of $3.6 million, and State Farm denied that claim, instead tendering $29,567.78 in satisfaction of coverage. Thrift Mart refused this offer and filed suit.

In its petition filed on November 5, 1990, Thrift Mart alleged that State Farm had (1) breached its fire insurance policy, (2) acted in tortious bad faith, and (3) violated Nebraska's Unfair Competition and Trade Practices Act. Thrift Mart alleged that State Farm acted in bad faith during the course of negotiations when it allegedly accused Thrift Mart of setting fire to its own store, stated that Thrift Mart's president would be arrested for arson, and refused to provide an explanation for its failure to

pay Thrift Mart for certain claimed damages. On January 11, 1991, the trial court sustained State Farm's demurrer for failure to state facts sufficient to constitute a claim as to the tortious bad faith and violation of the Unfair Competition and Trade Practices Act causes of action. The trial court dismissed those causes of action at Thrift Mart's cost.

Eight days later, on January 18, 1991, the Nebraska Supreme Court formally recognized a first-party bad faith cause of action in *Braesch v. Union Ins. Co.*, 237 Neb. 44, 464 N.W.2d 769 (1991). On August 20, 1992, 19 months later, Thrift Mart filed a motion to vacate and/or reconsider the order dismissing the bad faith cause of action in light of *Braesch*, and on December 29, also filed a motion for leave to amend. The trial court overruled the motion to vacate and/or reconsider and stated that "an Order of Dismissal - whether pertaining to one cause of action in a petition which contains several causes of action or to the entire petition - is an appealable Order. The Defendant should have appealed . . . ." The trial court also stated that Thrift Mart failed to show why the motion was not filed in the term in which the dismissal was entered.

On March 1, 1994, Thrift Mart filed another motion to reconsider and/or vacate the dismissal of the tortious bad faith cause of action. The trial court also overruled this motion.

Prior to trial on the breach of contract action, State Farm filed two motions in limine. The first motion sought to exclude testimony at trial by Thrift Mart's expert, Dr. Jerome Sherman, involving Thrift Mart's operating losses or loss of investment. The trial court sustained this motion. The second motion sought to exclude any testimony involving loss of business income for the liquidation of Thrift Mart's inventory at its separate warehouse location after the fire. The trial court sustained this motion as well, stating:

> The insurance policy covers "loss of business income during the restoration period". These alleged losses at the warehouse are not recoverable under the policy as they are not continuing losses and, at best, may be consequential expenses which are speculative and not expenses to minimize the interruption of business if "operations" cannot continue.

The breach of contract action was tried to a jury on October 3 and 4, 1994. During trial, Thrift Mart made one offer of proof as to the testimony excluded in the second motion in limine. The offer of proof consisted of two exhibits, and the court received those exhibits for the purposes of the offer of proof. The jury returned a verdict for State Farm.

Thrift Mart timely appealed to the Nebraska Court of Appeals. Pursuant to our power to regulate the docket of the Court of Appeals, we removed this case to our docket.

On appeal, Thrift Mart assigns various errors, which may be summarized as follows: (1) The trial court erred in sustaining State Farm's demurrer as to the tortious bad faith and unfair trade practices causes of action; (2) the trial court erred in failing to vacate its prior order sustaining the demurrer with regard to the tortious bad faith cause of action; (3) the trial court erred in not allowing Thrift Mart to amend its petition to include the bad faith cause of action; and (4) the trial court erred in granting both of State Farm's motions in limine.

An appellate court lacks jurisdiction to entertain appeals from other than final orders; an order in a civil action is final when no further act of the trial court is required to dispose of the cause. *Jaramillo v. Mercury Ins. Co.*, 242 Neb. 223, 494 N.W.2d 335 (1993), *abrogated on different grounds by Powell v. American Charter Fed. Sav. & Loan Assn.*, 245 Neb. 551, 514 N.W.2d 326 (1994). An appellate court will reverse a decision on a motion to vacate or modify a judgment only if the litigant shows that the district court abused its discretion. *Roemer v. Maly*, 248 Neb. 741, 539 N.W.2d 40 (1995). Permission to amend a pleading is addressed to the discretion of the trial court, and the trial court's decision will not be disturbed absent an abuse of discretion. *Stephens v. Radium Petroleum Co.*, 250 Neb. 560, 550 N.W.2d 39 (1996); *Postma v. B & R Stores*, 250 Neb. 466, 550 N.W.2d 34 (1996). To constitute reversible error in a civil case, the admission or exclusion of evidence must unfairly prejudice a substantial right of a litigant complaining about evidence admitted or excluded. *McIntosh v. Omaha Public Schools*, 249 Neb. 529, 544 N.W.2d 502 (1996), *abrogated on different grounds by Heins v. Webster County*, 250 Neb. 750, 552 N.W.2d 51 (1996); *Equitable Life v. Starr*, 241

Neb. 609, 489 N.W.2d 857 (1992); *Huffman v. Huffman*, 236 Neb. 101, 459 N.W.2d 215 (1990).

Thrift Mart's first assignment of error alleges that the trial court erred in sustaining State Farm's demurrer as to the tortious bad faith and unfair trade practices causes of action. State Farm argues that Thrift Mart cannot contest the trial court's order sustaining the demurrer as to the tortious bad faith and unfair trade practices causes of action because the order was a final, appealable one, and Thrift Mart did not appeal within 30 days of the order. We agree.

An appellate court lacks jurisdiction to entertain appeals from other than final orders; an order in a civil action is final when no further act of the trial court is required to dispose of the cause. *Jaramillo, supra.* However, we have held that a "dismissal of a cause of action is the equivalent of a discontinuance of it in the court. It is thereby sent out of court. The rights of the parties in the cause of action are determined insofar as the court rendering the order of dismissal is concerned." *Akins v. Chamberlain*, 164 Neb. 428, 434, 82 N.W.2d 632, 637 (1957). See, also, *Interholzinger v. Estate of Dent*, 214 Neb. 264, 333 N.W.2d 895 (1983). A cause of action consists of the set of facts on which a recovery may be had. *Lewis v. Craig*, 236 Neb. 602, 463 N.W.2d 318 (1990).

In this case, as conceded by Thrift Mart's counsel during argument before this court, there were two distinct sets of operative facts, one set which gave rise to the breach of contract action and one set which gave rise to the tortious bad faith and unfair trade practices causes of action. As a result, the order sustaining the demurrer was a final, appealable order and should have been appealed within 30 days of its rendering. See, Neb. Rev. Stat. § 25-1912(1) (Reissue 1995); *Tri-County Landfill v. Board of Cty. Comrs.*, 247 Neb. 350, 526 N.W.2d 668 (1995). Therefore, we find this assignment of error to be without merit.

Thrift Mart's second assignment of error alleges that the trial court erred in failing to vacate its prior order sustaining the demurrer with regard to the tortious bad faith cause of action, given that the law in the State of Nebraska changed following the issuance of the order. Thrift Mart argues that the trial court could have vacated its judgment even though the motion was

heard after the term in which the order was rendered, because of the authority given the trial court to do so in Neb. Rev. Stat. § 25-2001 (Reissue 1995) or due to its own independent equity jurisdiction. Thrift Mart argues that the trial court's failure to invoke its equity powers by either of these methods was an abuse of its discretion. We disagree.

It is true that in an action to vacate a judgment after the adjournment of the term of the rendering court, the applicant may proceed either under § 25-2001 or under the court's independent equity jurisdiction. *Roemer v. Maly*, 248 Neb. 741, 539 N.W.2d 40 (1995); *Welch v. Welch*, 246 Neb. 435, 519 N.W.2d 262 (1994). With regard to the invocation of the equity powers set forth in § 25-2001, the applicant, to be successful, must first allege and prove that he exercised due diligence and that his failure to secure a proper decision in the prior term was not due to his own fault or negligence. *Aetna Cas. & Surety Co. v. Dickinson*, 216 Neb. 660, 345 N.W.2d 8 (1984). See, also, *Roemer, supra.* As stated above, Thrift Mart itself failed to properly and timely appeal the sustaining of the demurrer in the prior term of the trial court, and therefore any relief that might have been accorded under this statutory section is not available to Thrift Mart.

Thrift Mart alleges, in the alternative, that the trial court could have invoked its own independent equity powers to grant the motion to vacate or reconsider filed in a subsequent term of the court. However, any litigant who seeks equity must also do equity. *Roemer, supra.* This court will reverse a decision on a motion to vacate or modify judgment only if the litigant shows that the district court abused its discretion. *Roemer, supra.* We find that the district court did not abuse its discretion in refusing to exercise its independent equity powers to reinstate this cause of action when the request was made in a subsequent term, was due to Thrift Mart's failure to timely appeal the order sustaining the demurrer, and was aimed at doing indirectly what the trial court would not allow Thrift Mart to do directly. Thus, Thrift Mart's second assignment of error also must fail.

Thrift Mart alleges as its third assignment of error that the trial court should have allowed Thrift Mart to amend its petition to include the bad faith cause of action. Again, we disagree.

Permission to amend a pleading is addressed to the discretion of the trial court; absent an abuse of that discretion, the trial court's decision will be affirmed. *Stephens v. Radium Petroleum Co.*, 250 Neb. 560, 550 N.W.2d 39 (1996); *Postma v. B & R Stores*, 250 Neb. 466, 550 N.W.2d 34 (1996); *Meyer Bros. v. Travelers Ins. Co.*, 250 Neb. 389, 551 N.W.2d 1 (1996). When a demurrer to a petition is sustained, the court must grant leave to amend unless it is clear that no reasonable possibility exists that an amendment will correct the defect. *Baltensperger v. Wellensiek*, 250 Neb. 938, 554 N.W.2d 137 (1996). Before error can be predicated upon the refusal of the trial court to permit an amendment to the petition after a demurrer is sustained, the record must show that, under the circumstances, the ruling of the court was an abuse of discretion. *Suzuki v. Gateway Realty*, 207 Neb. 562, 299 N.W.2d 762 (1980).

At the time the court dismissed the tortious bad faith cause of action, such a cause of action was not recognized in the State of Nebraska. Thus, to allow Thrift Mart to amend at that time would not have cured that defect. When Thrift Mart did request permission to amend and to include the bad faith allegations as part of its breach of contract cause of action, almost 19 months of discovery had passed and the court was in a subsequent term. To refuse to allow amendment at this late date was clearly not an abuse of the trial court's discretion. Therefore, Thrift Mart's third assignment of error must also fail.

Thrift Mart's last assignment of error alleges that the trial court should have refused to grant both of State Farm's motions in limine. The first motion in limine (first motion) involved the testimony of Thrift Mart's expert, Dr. Sherman, regarding damages for operating losses or loss of investment. The second motion in limine (second motion) involved testimony as to damages involving the loss of warehouse inventory liquidated after the fire.

We note at the outset that the overruling of a motion in limine is not reviewable on appeal. *Molt v. Lindsay Mfg. Co.*, 248 Neb. 81, 532 N.W.2d 11 (1995). In order to preserve any error before this court, the party opposing a motion in limine which was granted must make an offer of proof outside the presence of the jury unless the evidence is apparent from the context in

which the questions were asked. *McCune v. Neitzel*, 235 Neb. 754, 457 N.W.2d 803 (1990). See Neb. Rev. Stat. § 27-103(1) and (3) (Reissue 1995). The record in this case is devoid of any offer of proof as to the first motion or any questions objected to from which the context of the evidence would be apparent, and we therefore decline to consider or address any arguments of Thrift Mart as to error involving the sustaining of the first motion.

As for the second motion, Thrift Mart's counsel did make an appropriate offer of proof during its case in chief. The offer of proof consisted of two exhibits, both addressing alleged damages resulting from the liquidation of Thrift Mart's warehouse inventory following the fire. It is Thrift Mart's position that this evidence should have been admitted because these damages were due to State Farm's conduct during the settlement of Thrift Mart's claim (i.e., State Farm's tortious bad faith conduct) and because the damages were recoverable under the loss of business income coverage in its insurance policy. We find these arguments to be without merit.

To constitute reversible error in a civil case, the admission or exclusion of evidence must unfairly prejudice a substantial right of a litigant complaining about evidence admitted or excluded. *McIntosh v. Omaha Public Schools*, 249 Neb. 529, 544 N.W.2d 502 (1996), *abrogated on different grounds by Heins v. Webster County*, 250 Neb. 750, 552 N.W.2d 51 (1996); *Equitable Life v. Starr*, 241 Neb. 609, 489 N.W.2d 857 (1992); *Huffman v. Huffman*, 236 Neb. 101, 459 N.W.2d 215 (1990). Neither of Thrift Mart's arguments as to the second motion implicate the unfair prejudice of a substantial right. First, as already discussed above, the tortious bad faith cause of action was not before the jury; second, these damages were not recoverable under the fire insurance policy.

In order to recover under an insurance policy of limited liability, an insured must bring himself within its express provisions. *Brown v. Farmers Mut. Ins. Co.*, 237 Neb. 855, 468 N.W.2d 105 (1991). The fire insurance policy provisions at issue in this case involve the coverage for loss of business income. The policy specifically provides that this coverage includes:

456

1. loss of "business income" sustained by the insured during the "period of restoration";

2. any necessary "extra expense" incurred to avoid or minimize the interruption of business and to continue "operations":

a. at the described premises; or

b. temporarily at other locations including relocation expenses and costs to equip and operate the temporary locations;

3. any necessary "extra expense" incurred to minimize

the interruption of business if "operations" cannot continue. The policy specifically defines "operations" as "the type of business activities occurring at the premises shown in the Declarations," which in this case is the location at which the fire occurred and not the separate location of the warehouse. The policy defines "business income" as "net income . . . and continuing normal operating expenses, including payroll, that would have been earned during the 'period of restoration'." The policy also specifically states that State Farm "will not be liable for any other consequential loss."

Clearly, the liquidation of warehouse inventory which occurred, by Thrift Mart's own admission, when the business ceased its operations completely and which does not fit within the policy definitions of "business income" is not covered under the insurance policy's loss of business income provision. The policy specifically states that this coverage is for expenses arising from disruptions during the continuing operation of the business at a temporary site or during the relocation of the business to a new site if operations cannot continue at the premises where the fire occurred. Thrift Mart liquidated its warehouse after deciding to cease business operations—any loss sustained because of the circumstances of liquidation not related to continuing business operations is not recoverable under this fire insurance policy.

The exclusion of this evidence did not unfairly prejudice Thrift Mart because Thrift Mart had no right to recover these damages under its policy with State Farm. Accordingly, we find Thrift Mart's last assignment of error to be without merit.

Because we find that the trial court did not err in sustaining the demurrer to the bad faith and unfair trade practices causes of action, in failing to vacate that order, in failing to grant Thrift Mart leave to amend its petition, and in sustaining State Farm's two motions in limine, we affirm.

AFFIRMED.