RAY, APPELLEE, *v.* FLOWER HOSPITAL, APPELLANT.

(No. L-80-220—Decided March 27, 1981.)

*Neller & Rabbitt Co., L.P.A.,* and *Mr. John T. Madigan,* for appellee.

*Messrs. Watkins, Bates, Handwork, Gross & Mills, Mr. William F. Bates* and *Mr. Douglas S. Hart,* for appellant.

CONNORS, P.J. This cause comes before the court upon an appeal from the granting of plaintiff's motion for summary judgment. The trial court declared the plaintiff to be the owner of certain property found by her while in the defendant's employ. The following facts were stipulated in the trial court.

Plaintiff-appellee, Karen Ray, was employed as a receptionist by the defendant-appellant, Flower Hospital. Her duties included working the information desk, generally greeting the persons entering the main lobby of the hospital, and other general duties attributable to a receptionist. At the information desk, there was a drawer for keeping lost and found property. The drawer contained various buttons, keys and earrings, all of which had been turned in to the so-called "lost and found" desk and were kept in the drawer for reclamation by their owners. The drawer was kept locked and under the control of the receptionist on duty.

On the night of June 15, 1979, between 7:30 p.m. and 8:30 p.m., plaintiff

noticed a soft-shell eyeglass case on the top of the information desk. Upon further inspection of the case, it was discovered to contain the following: (1) an opal ring with diamonds; (2) a diamond ring; (3) a ruby and diamond ring; (4) a diamond and aquamarine ring; (5) a topaz pin; (6) a set of gold earrings; (7) a diamond necklace with ruby or garnet; (8) one pair of gold cuff links; and (9) one gold coin. The property was placed in defendant's safe for security reasons. Defendant contacted local police forces to determine if there had been any reports of lost jewelry. Defendant also checked the lost and found column of the Toledo Blade for thirty days following the discovery. However, no one came forth to claim the jewelry.

On December 13, 1979, plaintiff filed a complaint for declaratory judgment requesting that the court order defendant to return the property to her. The hospital filed its answer which also sought declaratory relief. Both parties moved for summary judgment based upon their respective pleadings. The court granted plaintiff's motion for summary judgment declaring her to be the owner of the property. From that judgment defendant appeals.

The brief of the appellant (the hospital) contains five assignments of error. They are as follows:

"1. The court erred in denying the motion of appellant for summary judgment.

"2. The court erred in granting the motion of appellee for summary judgment.

"3. The court erred in finding that the jewelry in question was lost property.

"4. The court erred in finding that the jewelry was not mislaid property.

"5. The judgment is contrary to law."

However, appellant's brief is bottomed upon the following two arguments:

"The eyeglass case, having been found on top of the information desk of defendant hospital, should be deemed to be mislaid property and by law remain with the owner of the premises. [Appellant's first argument.]

"It would be contrary to public policy to allow an employee, one of whose responsibilities is to accept custody of lost and mislaid property on behalf of the owner of the premises, to claim ownership rights for 'finding' property which has come into her possession during the course of her duties. [Appellant's second argument.]"

This court will, therefore, treat the two arguments as the appellant's assignments of error since appellant's brief fails to address the five "assignments of error" listed above.

With respect to appellant's first argument, 1 Ohio Jurisprudence 3d 23, Abandoned Property, Section 13, defines "mislaid property" as follows:

"* * * property which the owner voluntarily and intentionally *laid down* in a place where he could again resort to it, which location the owner then forgot. * * *" (Emphasis added and footnote omitted.)

In contrast, "lost property" is defined as follows:

"* * * property which the owner has involuntarily parted with through neglect, carelessness, or inadvertence, that is, property which the owner has unwittingly suffered to pass out of his possession and the whereabouts of which he has no knowledge. * * * [1 Ohio Jurisprudence 3d 22, Abandoned Property, Section 12.]

"* * * [A]rticles which are *accidentally dropped* in any public place, public thoroughfare, or street, are lost in the legal sense. * * * [1 Ohio Jurisprudence 3d 23, Abandoned Property, Section 13.]" (Emphasis added and footnote omitted.)

The substance then, of this court's analysis, must be a determination of whether the property in question is legally "lost" or legally "mislaid."

"In determining right to possession of property found, the character of such property, as constituting lost or mislaid

property, is to be determined from all the facts and circumstances of the particular case." *Schley* v. *Couch* (1955), 155 Tex. 195, 284 S.W. 2d 333, headnote No. 9.

It is uncontroverted that the eyeglass case containing the jewels was found lying on the top of the information desk, not on the floor of the hospital in front of the information desk. Further, it cannot be presumed that the property was lost or abandoned from the mere passage of time, although this is another fact or circumstance to be taken into consideration in the particular case. Clearly, fifteen years from the time the property was found would indicate that presumably the property was lost. *Toledo Trust Co.* v. *Simmons* (1935), 52 Ohio App. 373 [6 O.O. 388]. However, another case indicates that four years is not an unreasonable time within which the owner can reclaim the property. See *Heddle* v. *Bank of Hamilton* (1912), 17 British Columbia Law Reports 306, 309, 5 Dominion Law Reports 11. Thus, the six months that elapsed in the case *sub judice,* from the time of discovery until the time that the appellee filed suit to ascertain the ownership of the property, did not create a presumption that the goods were either lost or mislaid.

The location in which the property was found in the case *sub judice,* however, does aid this court in its labeling the goods as lost or mislaid property. The jewels were secreted away in a soft-shell eyeglass case. They were not found strewn across the floor whereby anyone walking into the hospital could view them. Further, the eyeglass case containing the jewels in this case was laid down on the top of the information desk by someone, presumably the owner, or someone seeking their return to the true owner by turning the case in to the "lost and found" desk, and was not dropped by inadvertence, negligence or carelessness as would be the case of lost property. From all of the facts and circumstances of this particular case, this court finds that the property was mislaid, and, as such, should remain in the possession of the hospital.

As was stated by the Supreme Court of Texas in the case of *Schley* v. *Couch, supra* (284 S.W. 2d 333), as summarized in headnote No. 8:

"Mislaid property is presumed to be left in custody of owner or occupant of premises upon which it is found and he is generally entitled to possession of such property as against all except the owner thereof."

Therefore, the "appellant's first argument" is found well taken, in that it was error for the trial court to award title to the mislaid property to the appellee.

Turning now, to appellant's second argument, the Oregon Supreme Court, in deciding a case of lost-mislaid property, addressed the precise issue and stated that:

"The decisive feature of the present case is the fact that plaintiff was an employee or servant of the owner or occupant of the premises, and that, in discovering the bills and turning them over to her employer, she was simply performing the duties of her employment. * * *" *Jackson* v. *Steinberg* (1948), 186 Ore. 129, 136, 200 P. 2d 376, 378.

The court held that the owner of the premises was the rightful "holder" of the goods and owed a duty to keep and protect the goods until claimed by the owner. In a fact situation not unlike the one presently before this court, the court in the case of *Heddle* v. *Bank of Hamilton, supra,* held that the employer was the rightful possessor of the goods. In a long line of cases where hotel chambermaids, bank janitors, bank tellers, grocery store bagboys and other employees have found property while in their employ, virtually every case has charged the employee with the duty to turn the found property over to the employer for safekeeping. The reason for such a holding is that " "* * * the possession of the servant * * * [is] the possession of the [employer] and that, therefore, the element is wanting which

would give the title to the servant as against the master. * * *' " *Jackson* v. *Steinberg, supra,* 186 Ore., at 137, 200 P. 2d, at 379. Therefore, this court finds that appellee owed a duty to both the rightful owner of the property and to her employer, to relinquish possession of the goods to the owner of the premises for gratuitous bailee purposes. Thus, the trial court was in error in awarding possession and control of the goods to the appellee. We find "appellant's second argument" well taken.

On consideration whereof, the court finds substantial justice has not been done the party complaining and the judgment of the Court of Common Pleas of Lucas County is reversed. This court finds, as a matter of law, that the defendant-appellant's motion for summary judgment should have been granted by the trial court and that it was error for the trial judge to find in favor of the plaintiff-appellee. Therefore, pursuant to App. R. 12(B), this court enters the final judgment which should have been entered in the trial court and vests title to the property in question in the defendant-appellant, Flower Hospital, subject to the rights of the true owner.

*Judgment reversed.*

POTTER and DOUGLAS, JJ., concur.