**Paula J. STACHURSKI,**
**Appellant–Plaintiff,**

v.

**Mary F. MOORE, Appellee–Defendant.**

**No. 50A03–9112–CV–388.**

Court of Appeals of Indiana,
Third District.

March 10, 1993.

Transfer Denied May 18, 1993.

Craig A. Rieff, Robert F. Gonderman, Jr., Gonderman Law Offices, P.C., South Bend, for appellant-plaintiff.

Robert J. Palmer, Wendell W. Walsh, May, Oberfell & Lorber, South Bend, for appellee-defendant.

GARRARD, Judge.

This case arose as a negligence claim based upon an automobile collision. At the conclusion of the evidence the trial court entered judgment on the evidence in favor of the plaintiff on the issues of fault and contributory fault. The jury subsequently awarded damages against the defendant in the sum of $20,000. The judgment was paid and was satisfied of record.

This appeal concerns the propriety of the plaintiff's subsequent claim for sanctions premised upon the defendant's failure to make certain admissions requested by plaintiff during the course of discovery prior to trial.

The pertinent chronology of events discloses judgment entered on the verdict on July 30, 1991. On July 31 the defendant paid the amount of the judgment to the clerk, and on August 5 the plaintiff acknowledged satisfaction of the judgment. Thereafter, on August 12, 1991 the plaintiff filed her motion for expenses, including attorneys' fees. The motion was denied without hearing on September 19, 1991.

The motion requested that the court assess expenses, including attorney fees, for the defendant's refusal to make the following admissions which had been requested during discovery prior to trial:

No. 1. That the collision on July 24, 1986 between the plaintiff and the defendant, as alleged in the complaint, was not due to any contributory negligence or contributory fault of the plaintiff, Paula Stachurski.

No. 3. That the collision on July 24, 1986 between the plaintiff and defendant, as alleged in the complaint, was due to the negligence of the defendant.

No. 26. Mary Moore is aware of no facts which would lead the defendant to believe that Paula Stachurski was the cause of this collision in any way.

No. 28. Mary Moore failed to properly yield the right of way to the plaintiff.

As authority for her request plaintiff relied upon Trial Rule 37(C) which states:

If a party fails to admit ... the truth of any matter as requested under Rule 36, and if the party thereafter proves ... the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that (1) the request was held objectionable pursuant to Rule 36(A), or (2) the admission sought was of no substantial impor-

tance, or (3) the party failing to admit had reasonable ground to believe that he might prevail on the matter, or (4) there was other good reason for the failure to admit.

Initially, it seems appropriate to determine whether the sanction provisions of TR 37(C) are, or should be, available in this context, i.e., where a party has been requested to admit the ultimate questions of liability or non-liability. (Where a request concerns a specific document or fact, the sanction is clearly limited to reasonable expense incurred in establishing the genuineness of the particular document or existence of the particular fact.)

■ In *GMC v. Aetna Cas. & Sur. Co.* (1991) Ind., 573 N.E.2d 885, 888 (DeBruler, J. and Givan, J. dissenting) our supreme court recently expressly determined that TR 36 permits a request for admission regarding an opinion, a contention, or a legal conclusion, if the request is related to the facts of the case. It follows that the provisions of TR 37(C), which also refer to requests to admit the truth *of any matter* are logically available sanctions for a refusal to make such admissions, subject to the determination of one of the four enumerated excuses contained in the section.

■ Moreover, that approach appears consistent with the provisions of IC 34–1–32–1(b) which permit the award of attorney fees to the prevailing party where the other party has continued to litigate an action or defense after that other party's claim or defense clearly became frivolous, unreasonable, or groundless. Indeed in view of the provision of TR 37(C) excusing a party's failure to admit where that party "had reasonable ground to believe that he might prevail on the matter," it appears to us that the test to be employed by the trial court in determining whether a sanction is appropriate for a party's refusal to admit legal conclusions and ultimate questions of liability is the same as that announced in *Kahn v. Cundiff* (1989) Ind.App., 533 N.E.2d 164, *affirmed* 543 N.E.2d 627, in applying IC 34–1–32–1.

■ It also follows that since TR 37(C) applies in such instances, when a petition for sanctions is filed, the court must ordinarily conduct a hearing thereon to determine whether one of the enumerated reasons for not imposing sanctions exists, as well as the reasonable expense incurred in establishing the matter which was the subject of the request. *Drake v. Newman* (1990) Ind.App., 557 N.E.2d 1348.

■ The defendant argues that regardless of the potential availability of a TR 37(C) sanction, any application therefor should have been made prior to the entry of judgment. With this argument we disagree. In *Cooter & Gell v. Hartmarx Corp.* (1990) 496 U.S. 384, 110 S.Ct. 2447, 2455–2456, 110 L.Ed.2d 359, the Supreme Court considered whether under the federal rules, sanctions under Fed.Rule Civ. Proc. 11 could properly be considered by the trial court after an action was no longer pending. It determined that such sanctions are collateral issues and that they may be determined after the principal suit has been terminated.

Reversing its earlier position the Second Circuit, relying upon *Cooter & Gell*, held that an application for Rule 37 sanctions survived the grant of summary judgment. *Heinrichs v. Marshall and Stevens, Inc.* (2d Cir.1990), 921 F.2d 418. We believe this is the better view. Accordingly, we hold an application for sanctions is a collateral matter that survives judgment or nonsuit.

■ Defendant further argues, however, that plaintiff's application for sanctions should be barred because plaintiff entered her satisfaction and release of the judgment. We agree. While an application for sanctions is a collateral matter, it is also a matter that is supplementary to the principal action. All the policy reasons supporting finality and the termination of litigation come to bear when one accepts payment of a judgment entered and executes a satisfaction and release thereof. We believe at that juncture a party may simply not be permitted to reinstitute the fray concerning matters supplementary, albeit collateral, to the principal action. In this we see some

similarity to the bar of res judicata to matters that might have been litigated but were not. The effect, at least, is substantially the same.

It follows then that the trial court did not err in denying the application and thus, also, any error in failing to conduct a hearing thereon was harmless.

Affirmed.

HOFFMAN and BAKER, JJ., concur.