VIRGIL J. KAMINSKI, APPELLANT, V. EVELYN BASS, APPELLEE.

567 N.W.2d 118

Filed July 3, 1997. No. S-95-757.

Allan J. Eurek, P.C., for appellant.

Dorothy A. Schinzel for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

CONNOLLY, J.

In this appeal, we are asked to decide two interrelated issues: Which party carries the burden of proof in a motion for sanctions pursuant to Neb. Ct. R. of Discovery 37(c) (rev. 1996) and what record is required to be made in such proceedings for purposes of appellate review.

Virgil J. Kaminski obtained a $2,000 verdict against Evelyn Bass for slander and invasion of privacy. Pursuant to rule 37(c), Kaminski filed a motion to compel Bass to pay his expenses incurred in proving a statement she had denied making during discovery. After a hearing on the motion in which Bass introduced no evidence, the trial court overruled Kaminski's motion. The Nebraska Court of Appeals affirmed, concluding that Kaminski failed to provide an adequate record for appellate review. *Kaminski v. Bass*, 97 NCA No. 5, case No. A-95-757 (not designated for permanent publication).

We granted Kaminski's petition for further review and conclude that a motion for sanctions pursuant to rule 37(c) is a separate and independent proceeding, thereby limiting appellate review to the evidence introduced at that hearing on the motion. We therefore reverse the decision of the Court of Appeals, because the uncontradicted evidence offered by Kaminski at the hearing on the motion established that he proved Bass did, in fact, make the statement she denied having made and that he incurred reasonable expenses in doing so. As such, Kaminski's rule 37(c) motion should not have been overruled.

## FACTS

Kaminski brought an action for slander and invasion of privacy against Bass in March 1995. In proving his claim, Kaminski was required to prove that Bass made the statement, " 'Our former Sheriff is known to be one of the drug dealers, Sheriff Kaminski.' " The jury found in favor of Kaminski and

awarded him $2,000. The court, in accordance with the jury verdict, entered judgment against Bass in the amount of $2,000, plus costs. No appeal was taken.

On April 13, 1995, Kaminski filed a motion to compel Bass to pay expenses incurred in proving facts Bass refused to admit in her answers to requests for admissions as provided by rule 37(c). In particular, Kaminski sought to recover attorney fees and costs incurred in taking the depositions of Bass, Tracey Overstreet, and Shaun Schleif. The record indicates that on October 6, 1993, Kaminski served a request for admissions and interrogatories on Bass, asking her to admit that she made the statement that Kaminski was "known to be" a drug dealer. On October 27, Bass denied having made the statement.

A hearing on Kaminski's motion was had on May 26, 1995. At this hearing, Kaminski offered a copy of the requests for admissions served on Bass along with her responses. Kaminski also offered his affidavit, which we read as his attestation to the expenses incurred in proving that Bass made the statement at issue and that it was untrue. Attached to Kaminski's affidavit was an invoice showing $1,600 paid for an expert witness. In addition, Kaminski offered two deposition certificates showing the costs of taking the depositions of Bass, Overstreet, and Schleif to be $783. The trial court overruled Kaminski's motion for attorney fees and costs on July 21.

On appeal to the Court of Appeals, Kaminski argued the trial court abused its discretion in not awarding attorney fees and deposition costs. A majority of the Court of Appeals' panel held that Kaminski was not entitled to attorney fees under rule 37(c). In reaching this conclusion, the majority held that the evidence Kaminski offered at the May 26, 1995, hearing established that he was entitled to attorney fees. The majority further held that the burden then shifted to Bass to prove that her failure to admit the statement was justified due to one of the four exceptions enumerated in rule 37(c). The court recognized that Bass offered no evidence at the hearing to rebut Kaminski's claim but nevertheless affirmed the trial court's denial of Kaminski's motion, noting that the same trial judge presided over both the underlying trial and the motion hearing. As such, it was determined that the court's general denial of the motion may have

been predicated on information and evidence that he gleaned from the trial. Since Kaminski did not offer the bill of exceptions for that trial, the majority concluded that without the record of the underlying trial before it, the court was incapable of determining whether the trial court abused its discretion in failing to grant Kaminski's motion. The majority also concluded that Kaminski was entitled to recover deposition costs pursuant to Neb. Rev. Stat. § 25-1708 (Reissue 1995).

The dissent concluded that Kaminski was not responsible for supplying the court with a copy of the proceedings for the underlying trial because his rule 37(c) motion was a special proceeding. As such, the dissent concluded that Kaminski was only required to present a record before the appeals court on the actual motion and not the underlying trial. Because Kaminski provided evidence at the May 26, 1995, hearing that he incurred expenses in proving that Bass made the statement and Bass provided no opposing evidence, the dissent determined that Kaminski was entitled to attorney fees under rule 37(c).

We granted Kaminski's petition for further review concerning only the Court of Appeals' determination of his motion for attorney fees pursuant to rule 37(c). Because no petition for further appeal was filed concerning the Court of Appeals' determination regarding recovery of deposition costs, we do not address that issue.

## ASSIGNMENTS OF ERROR

Kaminski asserts the Court of Appeals erred in (1) not concluding that the trial court abused its discretion in failing to award attorney fees pursuant to rule 37(c), (2) not concluding that a motion for sanctions under rule 37(c) constitutes a special proceeding, (3) determining that Kaminski carried the burden of including the entire record of the underlying libel trial in order to present a proper record on appeal, (4) failing to conclude that the trial court abused its discretion when it failed to identify what portions of the underlying trial it was relying on in denying Kaminski's motion, and (5) failing to award Kaminski attorney fees and expenses incurred in his appeal.

## STANDARD OF REVIEW

The determination of an appropriate sanction under rule 37 rests within the discretion of the trial court and will not be dis-

turbed on appeal absent an abuse of discretion. See *Booth v. Blueberry Hill Restaurants*, 245 Neb. 490, 513 N.W.2d 867 (1994).

A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrain from action, but the selected option results in a decision which is untenable and unfairly deprives the litigant of a substantial right or a just result in matters submitted for disposition to a judicial system. *Malicky v. Heyen*, 251 Neb. 891, 560 N.W.2d 773 (1997); *Postma v. B & R Stores*, 250 Neb. 466, 550 N.W.2d 34 (1996).

## ANALYSIS

### BURDEN OF PROOF

The determination of the issues before us require that we examine the precise scope of rule 37(c). Reproduced in its entirety, rule 37(c) provides:

Expenses on Failure to Admit. If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, he or she may apply to the court for an order requiring the other party to pay him or her the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that:

(1) The request was held objectionable pursuant to Rule 36(a), or

(2) The admission sought was of no substantial importance, or

(3) The party failing to admit had reasonable ground to believe that he or she might prevail on the matter, or

(4) There was other good reason for the failure to admit.

We have not previously addressed the question of which party bears what burden in determining whether sanctions should be awarded in a rule 37(c) motion. As noted above, the Court of Appeals concluded that the moving party in a rule 37(c) motion carries the burden of proving the truth of a matter previously denied by the nonmoving party and that reasonable expenses

were incurred in doing so. Once such a showing is made, the court held, the burden of proof then shifts to the nonmoving party to prove one of the four exceptions to recovery of expenses enumerated in rule 37(c). We agree with this conclusion.

The specific wording of rule 37(c) states that if a party incurs expenses in proving a statement that was initially denied, a court *shall* award expenses, including attorney fees, *unless* one of the four exceptions is proven. Requesting Bass to admit she made the drug dealer statement was not objectionable and was of substantial importance to the case. As such, only the remaining two exceptions (i.e., Bass had reasonable ground to believe she would prevail at trial or there was some "other good reason" for her failure to admit she made the statement) are at issue. We agree with the Court of Appeals' determination that Bass alone decided whether to admit or to deny the request. Therefore, logic compels the holding that the burden of proof is Bass' to establish the basis for avoiding fees and expenses incurred by Kaminski in proving what she refused to admit. To hold otherwise would make it virtually impossible for a party to recover expenses under rule 37(c), essentially requiring the moving party to prove the nonmoving party's state of mind at the time the denial was made. In other words, placing the burden on Kaminski would require him to prove a negative, or, more specifically, prove that Bass did not have reasonable grounds to believe she would prevail at trial or that she did not have some "other good reason" to deny the request. For this reason, we hold, as have other courts addressing the same issue, that once the party making a motion for sanctions pursuant to rule 37(c) proves the truth of a matter previously denied and that reasonable expenses were incurred in doing so, the burden then shifts to the nonmoving party to prove, by a preponderance of the evidence, one of the four enumerated exceptions. See, *Youssef v. Jones*, 77 Ohio App. 3d 500, 602 N.E.2d 1176 (1991); *Northwestern Life Ins. Co. v. Rogers*, 61 Ohio App. 3d 506, 573 N.E.2d 159 (1989); *Itskin v. Restaurant Food Supply*, 7 Ohio App. 3d 127, 454 N.E.2d 583 (1982).

### RECORD REQUIRED FOR APPELLATE REVIEW

Having determined that Bass carried the burden of proving that one of the four exceptions to rule 37(c) existed, we must

now address the Court of Appeals' holding that Kaminski nevertheless failed to present a proper record on his appeal to support his assigned errors. The majority noted that the same judge sat at both the underlying trial and at the hearing on the motion and therefore concluded that the judge may have based his decision to deny Kaminski's motion on evidence he heard at the underlying trial. Because Kaminski did not offer the bill of exceptions of the underlying trial into evidence at his motion for expenses, the majority held that it was incapable of determining whether the trial court abused its discretion, and the majority therefore affirmed the district court's decision.

Kaminski contends this holding is erroneous, arguing that a motion for expenses pursuant to rule 37(c) is a special proceeding, thereby constraining appellate review to the record made at the hearing on the motion. Implicit in this proposition is the idea that the proceedings on Kaminski's motion for expenses is independent and separate from the proceedings of the underlying trial. This position was espoused by the U.S. Supreme Court in a slightly different context in *White v. New Hampshire Dept. of Empl. Sec.*, 455 U.S. 445, 102 S. Ct. 1162, 71 L. Ed. 2d 325 (1982). The plaintiff in *White* brought a successful 42 U.S.C. § 1983 action against the defendant. Approximately 4½ months after judgment was entered, the plaintiff sought attorney fees under 42 U.S.C. § 1988. The district court awarded fees, but the court of appeals for the First Circuit reversed, holding that the motion for fees constituted a motion to alter or amend the judgment which must be brought within 10 days of the entry of judgment pursuant to Fed. R. Civ. P. 59(e). The Supreme Court disagreed, holding that the motion for fees was a collateral and independent action separate from the trial on the merits. According to the Court:

> Section 1988 provides for awards of attorney's fees only to a "prevailing party." Regardless of when attorney's fees are requested, the court's decision of entitlement to fees will therefore require an inquiry separate from the decision on the merits—an inquiry that cannot even commence until one party has "prevailed." Nor can attorney's fees fairly be characterized as an element of "relief" indistinguishable from other elements. Unlike other judicial

relief, the attorney's fees allowed under § 1988 are not compensation for the injury giving rise to an action. Their award is uniquely separable from the cause of action to be proved at trial.

455 U.S. at 451-52.

In *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990), the Supreme Court held that a motion for sanctions under Fed. R. Civ. P. 11 could be brought after the underlying suit was voluntarily dismissed without prejudiced. The Court specifically rejected the petitioner's contention that the dismissal deprived the district court of jurisdiction to grant a rule 11 motion and impose sanctions, writing:

> It is well established that a federal court may consider collateral issues after an action is no longer pending. . . . This Court has indicated that motions for costs or attorney's fees are "independent proceeding[s] supplemental to the original proceeding and not a request for a modification of the original decree." *Sprague v. Ticonic National Bank*, 307 U.S. 161, 170 (1939). Thus, even "years after the entry of a judgment on the merits" a federal court could consider an award of counsel fees. *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 451, n. 13 (1982). . . . Like the imposition of costs, attorney's fees, and contempt sanctions, the imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate. Such a determination may be made after the principal suit has been terminated.

496 U.S. at 395-96. As the Court succinctly stated in *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 200, 108 S. Ct. 1717, 100 L. Ed. 2d 178 (1988), "As a general matter, at least, we think it indisputable that a claim for attorney's fees is not part of the merits of the action to which the fees pertain. Such an award does not remedy the injury giving rise to the action." See, also, *Stachurski v. Moore*, 610 N.E.2d 272 (Ind. App. 1993) (motion filed pursuant to rule 37(c) is collateral matter separate from merits of underlying case).

As the above excerpts make clear, a motion for attorney fees has routinely been held to be a collateral and independent request from the underlying merits of the case between the parties. We conclude that the same holds true for a motion for expenses under rule 37(c), for such a motion does not bring into question the underlying decision, it simply seeks what is due because of that decision. In other words, a hearing on a motion for expenses pursuant to rule 37(c) is a legal proceeding entirely separate from the underlying trial or proceedings concerning the merits of the case. It therefore follows that the appellate court reviewing a decision on a motion for expenses is to concern itself solely with the evidence established and produced *at that hearing*. See *Abboud v. Cutler*, 238 Neb. 177, 469 N.W.2d 763 (1991) (reviewing court considers only evidence that appears in record). We note, however, that our determination in no way prevents a party from introducing portions of the underlying trial.

Applying the foregoing analysis to the instant case, we conclude that the Court of Appeals erred in affirming the trial court's denial of Kaminski's rule 37(c) motion. As noted previously, rule 37(c) states that a district court *shall* award expenses incurred in proving a statement previously denied *unless* one of four exceptions are proven. At the hearing on Kaminski's motion, he introduced evidence establishing that Bass was asked to admit that she made the statement that Kaminski was "known to be" a drug dealer but denied it and that Kaminski incurred expenses in proving she made the statement. The burden then shifted to Bass to prove one of the four enumerated exceptions in rule 37(c). Offering no evidence whatsoever at the hearing, Bass failed to meet this burden. As such, the district court was required to award expenses to Kaminski pursuant to rule 37(c), thereby making the court's overruling of Kaminski's motion an abuse of discretion.

## CONCLUSION

For the foregoing reasons, the Court of Appeals' decision affirming the district court's overruling of Kaminski's motion for expenses is reversed, and this matter is remanded with directions to award Kaminski expenses incurred in proving the state-

ment Bass denied having made. In addition, Kaminski filed a motion for attorney fees incurred in this appeal pursuant to Neb. Ct. R. of Prac. 9F (rev. 1996). We grant this motion and award Kaminski attorney fees in the amount of $1,600.

REVERSED AND REMANDED.