773 N.W.2d 409 (2009)
18 Neb. App. 56
Trisha K. McCORMICK, appellant,
v.
Samuel M. ALLMOND, appellee.
No. A-08-1285.
Court of Appeals of Nebraska.
October 6, 2009.
*411 Van A. Schroeder, of Bertolini, Schroeder & Blount, Bellevue, for appellant.
Kevin J. McCoy, of Smith, Gardner, Slusky, Lazer, Pohren & Rogers, L.L.P., Omaha, for appellee.
SIEVERS, CARLSON, and CASSEL, Judges.
CASSEL, Judge.

INTRODUCTION
In a suit based on an intentional assault, Trisha K. McCormick served Samuel M. Allmond with requests for admission, many of which Allmond denied. After a bench trial, McCormick secured a monetary judgment. The county court denied McCormick's posttrial motion for fees and costs incurred in proving matters which Allmond had denied, and the district court affirmed the decision. Because McCormick's requests were both compound and unnecessarily confusing, we conclude that Allmond had a good reason for the failure to admit. We therefore affirm.

BACKGROUND
On April 16, 2005, in an incident best characterized as "road rage," Allmond intentionally hit McCormick in the face with his hand while McCormick was stopped at an intersection and sitting in the driver's seat of her vehicle. As a result, McCormick developed temporomandibular joint disorder. McCormick sought medical treatment and ultimately had surgery to treat the disorder.
On May 30, 2006, McCormick filed a complaint in county court alleging that she suffered temporomandibular joint disorder, contusions, headaches, swelling, and malocclusion as a result of the incident. After a bench trial on the merits of the case, the county court awarded McCormick a judgment in the amount of $50,000 for "total damages sustained plus costs." The court did not allocate the award to any specific category of damages but stated that where the treatment provider indicated that the symptoms were "strictly viral [or] diabetes related," such losses were not recoverable.
*412 After trial, McCormick filed a motion pursuant to Neb. Ct. R. Disc. § 6-337(c) for "fees and costs" resulting from Allmond's failure to "admit the fairness and reasonableness of certain medical expenses and the necessity of the treatment behind such expense." The evidence adduced on McCormick's posttrial motion shows that in January 2007, during the discovery phase of the case and prior to trial, McCormick sent Allmond 31 requests for admission. This included 16 requests for admission regarding medical treatment, which were phrased as follows: "Admit (or deny) that as a direct and proximate result of the blow you inflicted upon ... McCormick, on April 16, 2005, she was charged by [medical provider] for necessary [medical services] the fair and reasonable sum of $ ... [pursuant to attached invoices]." In response, Allmond denied all such requests.
At the hearing on the motion for sanctions, McCormick offered into evidence the requests for admission, Allmond's response to the requests, and an affidavit by McCormick's counsel setting forth the expenses incurred in proving the matters to which Allmond did not admit. McCormick also requested that the court take judicial notice of her trial testimony and the trial testimony of a number of medical and medical billing witnesses. The county court denied McCormick's motion on the ground contained in § 6-337(c)(3) because the court found that Allmond had "reasonable grounds upon which he believed he may prevail on the merits at trial."
McCormick appealed to the district court, which affirmed the county court's order. The district court's order also stated that the ground set forth in § 6-337(c)(4), that "`[t]here was other good reason for the failure to admit,'" was an additional ground for affirming the order.
McCormick timely appeals.

ASSIGNMENTS OF ERROR
McCormick assigns, restated, that the district court erred in (1) failing to reverse the county court's decision to deny her motion for expenses and fees pursuant to § 6-337(c), (2) failing to reverse the county court's decision on the ground that the county court used evidence not contained in the record in making its decision, (3) adopting the findings and conclusions of the county court, and (4) finding that there were other good reasons for failure to admit pursuant to § 6-337(c)(4).

STANDARD OF REVIEW
On appellate review, decisions regarding discovery are generally reviewed under an abuse of discretion standard. Malchow v. Doyle, 275 Neb. 530, 748 N.W.2d 28 (2008). The standard of review of a trial court's determination of a request for sanctions is whether the trial court abused its discretion. Id.

ANALYSIS

Evidentiary Record.
McCormick argues that the county court improperly considered evidence presented at trial in the hearing for discovery sanctions. McCormick points to the introductory phrase of a sentence in the county court's order which states, "As the parties ['] evidence placed both causation and necessity of care in issue, pursuant to [§ 6-337(c)(3)] the court finds that [Allmond] had reasonable grounds upon which he believed he may prevail on the merits at trial." (Emphasis supplied.) McCormick argues that the introductory phrase refers to the evidence adduced at trial and not to the evidence introduced at the hearing on the posttrial motion. At the hearing on the posttrial motion, the only evidence offered and received was composed *413 of transcriptions of McCormick's witnesses' trial testimony (included in the record after the court took judicial notice of such at McCormick's request), the exhibits introduced during her witnesses' testimony, and the requests and the responses to such requests.
Pursuant to Kaminski v. Bass, 252 Neb. 760, 768, 567 N.W.2d 118, 124 (1997), in determining whether to award sanctions pursuant to § 6-337(c), the trial court may consider the "evidence established and produced at that hearing" only.
The court's statement regarding "the parties['] evidence" does not establish that the court improperly considered evidence outside the scope of the hearing on sanctions. The sentence immediately preceding the one which we quoted states that "the discovery answers in evidence placed at issue material facts upon which the parties based their theories of recovery." The most logical conclusion is that in subsequently referring to "evidence" that "placed both causation and necessity of care in issue," the court was referring to the discovery answers which were properly admitted into evidence. The conclusion that the county court did not utilize improper evidence in reaching its decision is further supported by the fact that the court's order did not make a direct reference to any material outside the scope of the evidence adduced at the hearing for sanctions.

Costs.
The remainder of McCormick's argument is that the county court abused its discretion in failing to award her the costs she incurred in proving the truthfulness of requests for admission that Allmond had denied. We briefly set forth the applicable law. Section 6-337(c) provides as follows regarding the recovery of such costs:
Expenses on Failure to Admit. If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, he or she may, within 30 days of so proving, apply to the court for an order requiring the other party to pay him or her the reasonable expenses incurred in making that proof, including reasonable attorney fees. The court shall make the order unless it finds that:
(1) The request was held objectionable pursuant to Rule 36(a), or
(2) The admission sought was of no substantial importance, or
(3) The party failing to admit had reasonable ground to believe that he or she might prevail on the matter, or
(4) There was other good reason for the failure to admit.
The party making the motion for sanctions has the burden to prove the truth of the matter that was previously denied and that reasonable expenses were incurred in doing so. The burden then shifts to the nonmoving party to prove that one of the four exceptions stated in § 6-337(c) applies. See Salazar v. Scotts Bluff Cty., 266 Neb. 444, 665 N.W.2d 659 (2003).
We assume without deciding that McCormick sustained her burden of proof and that the burden then shifted to Allmond regarding one or more of the exceptions.
The question then becomes whether Allmond proved one or more of the exceptions contained in § 6-337(c), and we particularly focus on § 6-337(c)(4). It does not matter that this is a different ground from the one stated by the county court. Where the record adequately demonstrates that the decision of the trial *414 court is correct, although such correctness is based on a ground or reason different from that assigned by the trial court, an appellate court will affirm. Harvey v. Nebraska Life & Health Ins. Guar. Assn., 277 Neb. 757, 765 N.W.2d 206 (2009).
The county court's denial of McCormick's motion for costs was not an abuse of discretion because "[t]here was other good reason for the failure to admit" pursuant to § 6-337(c)(4). The "good reason" is found in the form of the requests for admission. The requests were confusing due to their overly complicated syntax and their compound structure. A request for admission should be straightforward and simple. Pursuant to Neb. Ct. R. Disc. § 6-336(a), "[e]ach matter of which an admission is requested shall be separately set forth by the party making the request...." Further, the request itself is supposed to be easy to answer.
A treatise on federal practice, which is in part based on federal precedent regarding the corresponding federal discovery rule, provides support for our conclusion. Nebraska courts will look to federal decisions interpreting corresponding federal rules for guidance in interpreting similar Nebraska civil pleading rules. Blinn v. Beatrice Community Hosp. & Health Ctr., 270 Neb. 809, 708 N.W.2d 235 (2006). Based on federal decisions, the treatise explains how requests for admissions are to be drafted, stating:
The requesting party bears the burden of drafting the request clearly and specifically so that the responding party can easily agree or disagree. When a request for admission is properly drafted, the answering party should have little or no difficulty responding. In response to an unambiguous, succinct, but specific request for admission the responding party should simply be able to agree or disagree with the request, that is, to admit or deny the request, to explain succinctly why it is not possible to answer, or to offer any other necessary qualification.
7 James Wm. Moore et al., Moore's Federal Practice ¶ 36.10[6] at 36-24 to 36-25 (3d ed.2009). See, also, 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2258 (2d. ed.1994).
First, McCormick admits that she was actually requesting admissions on multiple subject matters, which means the requests at issue were compound. In our review of the requests, it appears that McCormick was using a single request to seek admissions of at least four separate matters. McCormick requested that Allmond admit (1) that the blow inflicted by Allmond was the proximate cause of McCormick's injuries, (2) that the injuries necessitated medical treatment, (3) that McCormick incurred particular medical expenses, and (4) that the amount of the expenses was fair and reasonable. Clearly, each of these matters is a separate topic and, pursuant to § 6-336(a), should have been the subject of a separate request.
Second, the compound nature of the requests is disguised by the use of complicated syntax which melds all of the requests into a single sentence. In part, McCormick added the adjectives "necessary," "fair," and "reasonable" to describe the medical expenses without directly requesting an admission that the medical expenses were as such. We do not condone the practice of adding adjectives to a request in such a manner that an admission to one item would also become an admission to additional unrelated items. A request for admission should necessitate only a simple responsenot one where the entire request must be dissected into separate, unrelated parts and answered as such. Because McCormick's requests *415 were compound and unnecessarily complicated, we conclude that "[t]here was other good reason for the failure to admit" pursuant to § 6-337(c)(4).
We reject McCormick's contention that pursuant to § 6-336(a), good faith required that Allmond deny only a portion of the request and admit to the remainder. While this principle may require a partial admission in some instances, it does not control the outcome in the instant case. As we have previously noted, another portion of § 6-336(a) requires that each discovery request pertain to only one subject matter. These two provisions read together indicate that a party has the duty to provide a partial denial only where the entire request pertains to a particular subject matter. For example, this would be true in a situation where McCormick requested that Allmond admit that McCormick's medical expenses were $500 but McCormick only incurred $400 in medical expenses. Therefore, this argument lacks merit.

CONCLUSION
Because the requests for admission at issue were compound and unnecessarily complicated, we affirm the district court's judgment affirming the county court's decision denying McCormick's motion for the costs she incurred in proving the matters contained therein.
AFFIRMED.