IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

ZAPATA V. ROBERTS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

JOHN ZAPATA, APPELLANT,
V.
RICK ROBERTS ET AL., APPELLEES.

Filed May 21, 2013.    No. A-12-1139.

Appeal from the District Court for Sheridan County: DEREK C. WEIMER, Judge. Affirmed in part, and in part dismissed.

John Zapata, pro se.

Andrew W. Snyder, of Chaloupka, Holyoke, Snyder, Chaloupka, Longoria & Kishiyama, P.C., L.L.O., for appellee.

IRWIN, MOORE, and PIRTLE, Judges.

MOORE, Judge.

## INTRODUCTION

John Zapata appeals from an order of the district court for Sheridan County which resolved various discovery motions. Specifically, Zapata challenges the portions of the order that imposed sanctions against him for his failure to appear at a previously scheduled deposition and that required him to submit to a deposition within 30 days in Scottsbluff. Finding no abuse of discretion in the imposition of sanctions against Zapata, we affirm that portion of the order. Because the provision requiring Zapata to submit to a deposition does not constitute a final, appealable order, the appeal of this provision is dismissed.

## BACKGROUND

This civil action arises out of a real estate transaction in Sheridan County. Zapata's operative petition, his third amended petition, asserts various causes of action against Rick Roberts and Loretta Roberts, as well as Matt Roberts, Kari Roberts, Daryn Roberts, and Security

First Bank, which causes of action we need not discuss further in connection with this appeal. We note that prior orders have dismissed the third amended petition as to Security First Bank and Kari and Daryn, and have dismissed certain causes of action against Matt.

In November 2012, Zapata, as well as Rick, Loretta, and Matt (collectively Appellees), each filed various discovery motions. Specifically, Zapata filed a motion to compel and a request for sanctions regarding a request for documents Zapata served upon Appellees, as well as a motion for a protective order regarding the taking of his deposition. Appellees filed a motion for protective order regarding certain of the documents requested by Zapata and a motion for sanctions regarding Zapata's failure to attend his previously scheduled deposition.

On November 28, 2012, the district court entered its order regarding the various discovery motions. In pertinent part, pursuant to Neb. Ct. R. Disc. § 6-337(d)(1), the court entered sanctions of $320.70 against Zapata for his failure to appear at a scheduled deposition. In addition, the court required Zapata to appear for a deposition in Scottsbluff within 30 days. Zapata appeals from this order.

## ASSIGNMENTS OF ERROR

Zapata's brief fails to specifically assign error as required by Neb. Rev. Stat. § 25-1919 (Reissue 2008) and Neb. Ct. R. App. P. § 2-109(D)(1)(e) (rev. 2012). In the absence of plain error, an appellate court considers only claimed errors which are both assigned and discussed. *In re Trust of Rosenberg*, 273 Neb. 59, 727 N.W.2d 430 (2007). Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. *First Nat. Bank in Morrill v. Union Ins. Co.*, 246 Neb. 636, 522 N.W.2d 169 (1994). Zapata generally complains about not receiving reasonable notice of the previously scheduled deposition and about being required to submit to a deposition in Scottsbluff.

## STANDARD OF REVIEW

Before reaching the legal issues presented for review, it is the duty of an appellate court to settle jurisdictional issues presented by a case. *Connelly v. City of Omaha*, 278 Neb. 311, 769 N.W.2d 394 (2009).

The determination of an appropriate sanction under § 6-337 of the discovery rules rests within the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. See *Salazar v. Scotts Bluff County*, 266 Neb. 444, 665 N.W.2d 659 (2003).

## ANALYSIS

Appellees argue that the order appealed from is not a final, appealable order and that Zapata's appeal should be dismissed. For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken; conversely, an appellate court is without jurisdiction to entertain appeals from nonfinal orders. *Connelly v. City of Omaha, supra*. Orders requiring or denying discovery generally do not constitute a final disposition of the proceedings and, therefore, are not normally appealable. *Brozovsky v. Norquest*, 231 Neb. 732, 437 N.W.2d 798 (1989). Clearly, the portion of the order requiring Zapata to submit to a deposition in Scottsbluff is not a final, appealable order.

However, a motion for sanctions is considered a legal proceeding entirely separate from the underlying proceedings concerning the merits of the case. *Salazar v. Scotts Bluff County, supra*; *Kaminski v. Bass*, 252 Neb. 760, 567 N.W.2d 118 (1997). An appellate court reviewing decisions on a motion for expenses pursuant to a discovery rule is to concern itself solely with evidence established and produced at that motion hearing. *Id*. In *Kaminski v. Bass, supra*, the motion for discovery sanctions was heard and decided after the underlying action was completed and was the sole assignment of error. Because the imposition of sanctions is considered a separate legal proceeding, this court has jurisdiction to review the imposition of sanctions in this appeal.

At the hearing on the discovery motions, Zapata did not offer any evidence in support of his motions or in opposition to Appellees' motions. Appellees offered affidavits concerning the various discovery issues, including evidence of the court reporter charges and legal fees incurred in connection with the discovery motions. The sanction Zapata was ordered to pay is for the court reporters' charges relating to his failure to appear at the previously scheduled deposition, and the sanction did not include any attorney fees. Based upon our review of the record, we decline to find plain error in the imposition of sanctions by the district court.

## CONCLUSION

The portion of the order imposing sanctions against Zapata is affirmed. The remaining provisions of the order appealed from, including the portion of the order requiring Zapata to submit to a deposition in Scottsbluff, do not constitute a final, appealable order, and the appeal of this provision of the order is dismissed for lack of jurisdiction.

AFFIRMED IN PART, AND IN PART DISMISSED.