Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/21/2016 09:09 AM CDT

DOUGLAS S. BECKER, APPELLANT, V.
TONYA M. WALTON, APPELLEE.
___ N.W.2d ___

Filed June 21, 2016.    No. A-15-367.

1. **Pretrial Procedure: Appeal and Error.** On appellate review, decisions regarding discovery are generally reviewed under an abuse of discretion standard.
2. **Trial: Appeal and Error.** The standard of review of a trial court's determination of a request for sanctions is whether the trial court abused its discretion.
3. **Rules of the Supreme Court: Pretrial Procedure: Costs.** A hearing on a motion for expenses pursuant to Neb. Ct. R. Disc. § 6-337(c) is a legal proceeding entirely separate from the underlying proceedings concerning the merits of the case.
4. **Costs: Appeal and Error.** The appellate court reviewing a decision on a motion for expenses is to concern itself solely with the evidence established and produced at that hearing.
5. **Rules of the Supreme Court: Pretrial Procedure: Appeal and Error.** The determination of an appropriate sanction under Neb. Ct. R. Disc. § 6-337(c) rests within the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion.
6. **Rules of the Supreme Court: Pretrial Procedure: Costs: Proof.** Once the party making a motion for sanctions proves the truth of the matter previously denied and that reasonable expenses were incurred in doing so, the burden then shifts to the nonmoving party to prove, by a preponderance of the evidence, one of the four exceptions enumerated in the discovery rule.
7. **Rules of the Supreme Court: Pretrial Procedure: Proof.** To be applicable, Neb. Ct. R. Disc. § 6-337(c) requires that a party must fail to admit the truth of any matter requested, and the party requesting the admissions must prove the truth of the matter.

8. **Rules of the Supreme Court: Pretrial Procedure.** Sanctions under Neb. Ct. R. Disc. § 6-337 exist not only to punish those whose conduct warrants a sanction but to deter those, whether a litigant or counsel, who might be inclined or tempted to frustrate the discovery process by their ignorance, neglect, indifference, arrogance, or, much worse, sharp practice adversely affecting a fair determination of a litigant's rights or liabilities.

9. ____: ____. Sanctions under Neb. Ct. R. Disc. § 6-337 are designed to prevent a party who has failed to comply with discovery from profiting by such party's misconduct.

10. ____: ____. An appropriate sanction under Neb. Ct. R. Disc. § 6-337 is determined in the factual context of each particular case and is initially left to the sound discretion of the trial court, whose ruling will be upheld in the absence of an abuse of discretion.

11. **Appeal and Error.** In the absence of plain error, when an issue is raised for the first time in an appellate court, it will be disregarded inasmuch as a lower court cannot commit error in resolving an issue never presented and submitted to it for disposition.

12. ____. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.

Appeal from the District Court for York County, James C. Stecker, Judge, on appeal thereto from the County Court for York County, Linda S. Caster Senff, Judge. Judgment of District Court affirmed.

Charles W. Campbell, of Angle, Murphy & Campbell, P.C., L.L.O., for appellant.

Daniel P. Chesire and Anastasia Wagner, of Lamson, Dugan & Murray, L.L.P., for appellee.

Inbody, Pirtle, and Riedmann, Judges.

Pirtle, Judge.

## INTRODUCTION

Douglas S. Becker appeals from an order of the district court for York County which affirmed the York County Court's denial of Becker's motion for an award of fees and expenses

pursuant to Neb. Ct. R. Disc. § 6-337(c). Based on the reasons that follow, we affirm.

## BACKGROUND

On December 4, 2013, Becker filed a complaint against Tonya M. Walton for personal injury arising out of an automobile accident that occurred on December 16, 2009. Becker served 20 requests for admission with the complaint. On January 17, 2014, Walton served her initial responses. She admitted requests Nos. 1, 2, and 4; objected to request No. 3 as vague and ambiguous; and denied the remaining 16 requests. In denying the requests for admission, Walton stated that she had not had an opportunity to conduct discovery regarding the matters which were the subject of the requests. Requests Nos. 5 through 9 concerned liability. Request No. 10 concerned medical causation. Requests Nos. 11 through 20 concerned fairness, reasonableness, and the necessity of Becker's medical bills and treatment.

Walton served interrogatories and requests for production on Becker, which Becker answered on January 24, 2014. Becker and Walton were both deposed on February 26. Becker filed supplemental responses to Walton's interrogatories and requests for production on May 22.

On May 23, 2014, Becker filed a motion for partial summary judgment alleging that there were no genuine issues of material fact and that he was entitled to judgment as a matter of law on the issues of liability and medical expenses. The matter was set for hearing on June 19. On June 18, Walton supplemented her responses to the requests for admission and admitted all previously denied requests, with one exception. In regard to request No. 10, Walton admitted that Becker injured his neck but denied the nature and extent of the injury. Walton also denied that Becker suffered a back injury, an injury that Becker himself denied suffering in his deposition.

On June 19, 2014, the county court entered an order finding that Walton had admitted that she was negligent, that her

negligence was a proximate cause of the accident, that the accident was a proximate cause of some damage to Becker, and that the medical expenses of $3,731.50 were fair, reasonable, and necessary. The court stated that Walton did not oppose entry of summary judgment on those issues and that therefore, based on the agreement of the parties, Becker's motion for partial summary judgment was granted. It further stated that "the nature and extent of [Becker's] injury and pain and suffering, if any," would be determinations for the jury at trial.

The remaining contested issues were tried to a jury on August 28, 2014. The jury awarded Becker $21,731.50 plus costs.

On September 4, 2014, Becker filed a motion for an award of fees and expenses pursuant to § 6-337(c) alleging that he incurred attorney fees and expenses "in proving the truth of matters requested under Rule 36" and that his application was submitted within 30 days of "proving the truth of such matters." Becker only sought reimbursement of fees and expenses he incurred up to the time of the motion for partial summary judgment.

On September 26, 2014, the motion for fees was heard by the county court. Subsequently, on October 30, the county court denied Becker's motion, finding that Becker was not required to prove the truth of the matters in the requests for admission because Walton had supplemented her answers prior to the hearing for partial summary judgment, admitting the matters previously denied. The court further found that even if such matters were proved by Becker, the exceptions set out in § 6-337(c)(3) and (4) applied. The county court also overruled Becker's request for fees and expenses incurred in pursuit of his § 6-337(c) motion for fees and expenses.

Becker filed on November 3, 2014, a motion for new trial or to alter or amend judgment. The motion was overruled, and Becker timely appealed to the district court. The district court affirmed the county court's findings and further found that the motion for fees filed in the county court was not timely filed

within 30 days of "proving the matter." The district court also found that because it was affirming the county court's ruling denying the award of fees and expenses under § 6-337(c), Becker was not entitled to attorney fees for pursuing the matter on appeal.

## ASSIGNMENTS OF ERROR

Becker assigns that the district court erred in (1) affirming the order of the county court which overruled his motion for award of fees and expenses pursuant to § 6-337(c); (2) affirming the county court's ruling that he did not prove the matters which were the subject of Becker's requests for admission; (3) affirming the county court's ruling that Walton's response to the request for admission No. 10, regarding injuries to Becker's neck and back, justified a denial of Becker's motion for fees; (4) ruling that Becker's motion for fees and expenses was not timely filed; (5) affirming the county court's ruling that Walton met her burden of proof under § 6-337(c)(3); (6) affirming the county court's ruling that Walton met her burden of proof under § 6-337(c)(4); and (7) affirming the county court's ruling which denied him an award of fees and expenses that were associated with the proceedings held on the motion for fees and expenses, and in denying an award of fees incurred on appeal.

## STANDARD OF REVIEW

[1,2] On appellate review, decisions regarding discovery are generally reviewed under an abuse of discretion standard. *McCormick v. Allmond*, 18 Neb. App. 56, 773 N.W.2d 409 (2009). The standard of review of a trial court's determination of a request for sanctions is whether the trial court abused its discretion. *Id.*

## ANALYSIS

Becker assigns that the district court erred in affirming the order of the county court which overruled his motion for award of fees and expenses pursuant to § 6-337(c).

Neb. Ct. R. Disc. § 6-337(c) provides as follows:

> If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, he or she may, within 30 days of so proving, apply to the court for an order requiring the other party to pay him or her the reasonable expenses incurred in making that proof, including reasonable attorney fees. The court shall make the order unless it finds that:
>
> (1) The request was held objectionable pursuant to Rule 36(a), or
>
> (2) The admission sought was of no substantial importance, or
>
> (3) The party failing to admit had reasonable ground to believe that he or she might prevail on the matter, or
>
> (4) There is other good reason for the failure to admit.

[3-6] A hearing on a motion for expenses pursuant to § 6-337(c) is a legal proceeding entirely separate from the underlying proceedings concerning the merits of the case. See *Salazar v. Scotts Bluff Cty.*, 266 Neb. 444, 665 N.W.2d 659 (2003). The appellate court reviewing a decision on a motion for expenses is to concern itself solely with the evidence established and produced at that hearing. *Id.* The determination of an appropriate sanction under § 6-337(c) rests within the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. See *id.* Once the party making a motion for sanctions proves the truth of the matter previously denied and that reasonable expenses were incurred in doing so, the burden then shifts to the nonmoving party to prove, by a preponderance of the evidence, one of the four exceptions enumerated in the discovery rule. *Id.*

[7] Becker first argues that the district court erred in affirming the county court's ruling that he did not prove the matters which were the subject of Becker's requests for admission. To be applicable, § 6-337(c) requires that a party

must fail to admit the truth of any matter requested, and the party requesting the admissions must prove the truth of the matter. Although Walton first denied the majority of Becker's requests for admission on January 17, 2014, she supplemented her responses on June 18 and admitted each of the previously denied requests for admission, with one exception. On June 19, the day set for the partial summary judgment hearing, Walton confessed summary judgment as to liability and medical bills in the amount of $3,731.50. No hearing was held on the motion for partial summary judgment, and no evidence was presented. Based upon a stipulation of the parties, the county court entered an order granting Becker's motion for partial summary judgment. Thus, Walton admitted the truth of the matters requested and Becker did not have to prove the matters which were the subject of the requests for admission.

Becker argues that he is entitled to fees and expenses because he expended time and money to develop proof of the disputed facts and that Walton should not be able to avoid sanctions under § 6-337(c) by admitting previously denied facts on the day before the partial summary judgment hearing. In support of his argument, Becker relies on a Nebraska federal case and several non-Nebraska cases where fees were awarded after a party admitted requests. However, the cases cited by Becker are distinguishable in that they involve matters being admitted at the pretrial hearing, on the eve of trial, or after trial had commenced. See, *Johnson Intern. v. Jackson Nat. Life Ins.*, 812 F. Supp. 966 (D. Neb. 1993), *affirmed in part and in part remanded on other grounds* 19 F.3d 431 (8th Cir. 1994) (court ordered award of fees under Fed. R. Civ. P. 37(c) after responding party admitted requests for admission at pretrial conference after failing to admit requests for over 2 years); *Peralta v. Durham*, 133 S.W.3d 339 (Tex. App. 2004) (court ordered award of fees under Texas rule of discovery, identical to § 6-337(c), after defendant in traffic accident case stipulated to liability immediately before trial); *Campana v. Board of*

*Directors of the Massachusetts Housing Finance Agency*, 399 Mass. 492, 505 N.E.2d 510 (1987) (court upheld award of attorney fees to plaintiff after defendant failed to admit plaintiff's requests for admission until first day of trial). Unlike the cases referred to by Becker, Walton's supplemental responses admitting the requests for admission were not filed on the eve of trial. Rather, they were filed the day before a hearing on a motion for partial summary judgment and just over 6 months after the complaint was filed.

Becker also relies on *Chemical Engineering v. Essef Industries*, 795 F.2d 1565 (Fed. Cir. 1986), where the court upheld an award of fees and expenses under federal discovery rule 37(c) following the entry of a summary judgment. However, this case is distinguishable because the party in *Chemical Engineering* did not admit the requests for admission prior to the summary judgment hearing, as Walton did in the present case. Rather, the matters were proved at the summary judgment hearing.

Further, while Becker may have expended time and money preparing to prove the requests for admission that Walton initially denied, Walton was entitled to have a chance to evaluate her case. There is no indication that Walton was trying to delay the case or frustrate the discovery process by not admitting the requests until the day before the partial summary judgment hearing. As the county court noted: "This is not a case that languished with inactivity . . . . The defendant is entitled to a fair amount of time to do discovery and to explore possible defenses." The district court agreed, stating that "[i]t is clear from the record that subsequent discovery was necessary and beneficial to the defendant" and that Walton "did not engage in any behavior or actions to slow down the normal trial process."

[8-10] Sanctions under § 6-337 exist not only to punish those whose conduct warrants a sanction but to deter those, whether a litigant or counsel, who might be inclined or tempted to frustrate the discovery process by their ignorance,

neglect, indifference, arrogance, or, much worse, sharp practice adversely affecting a fair determination of a litigant's rights or liabilities. *Norquay v. Union Pacific Railroad*, 225 Neb. 527, 407 N.W.2d 146 (1987). Sanctions under § 6-337 are designed to prevent a party who has failed to comply with discovery from profiting by such party's misconduct. *Norquay v. Union Pacific Railroad, supra*. An appropriate sanction under § 6-337 is determined in the factual context of each particular case and is initially left to the sound discretion of the trial court, whose ruling will be upheld in the absence of an abuse of discretion. See *Norquay v. Union Pacific Railroad, supra*.

The parties promptly engaged in discovery following the filing of the complaint. The requests for admission were served with the complaint, and Walton timely responded to the requests. The parties took depositions, and Walton served interrogatories and requests for production on Becker. Becker's supplemental responses to Walton's interrogatories and requests for production were served on May 22, 2014, and Becker's motion for partial summary judgment was filed on May 23. Walton was entitled to time to review and evaluate Becker's supplemental responses. Walton supplemented her answers to the requests for admission on June 18, less than 1 month after Becker's final discovery supplementation. Partial summary judgment was entered based on the stipulation of the parties on June 19, just 6 months after the complaint was filed, and the remaining issue was tried 2 months later.

Walton supplemented her responses to the requests for admission within a reasonable amount of time, admitting the truth of the matters requested. Therefore, Becker did not have to prove the matters which were the subject of Becker's requests for admission. We conclude that the county court did not abuse its discretion in finding that Becker was not entitled to fees and expenses pursuant to § 6-337(c) because he did not prove the matters which were the subject of Becker's

requests for admission. Further, the district court did not err in affirming this finding.

[11] Becker also assigns that the district court erred in affirming the county court's ruling that Walton's response to request for admission No. 10, regarding injuries to Becker's neck and back, justified a denial of Becker's motion for fees. The county court, in discussing that Walton was entitled to have time to evaluate her case, stated, "[Walton] obtained information during the discovery process that demonstrated that there was no back injury to [Becker], which [Walton] had been asked to admit in the original requests for admission." The district court did not separately address request for admission No. 10, and there is no indication that the error now raised before this court was raised before the district court. In the absence of plain error, when an issue is raised for the first time in an appellate court, it will be disregarded inasmuch as a lower court cannot commit error in resolving an issue never presented and submitted to it for disposition. *Woodle v. Commonwealth Land Title Ins. Co.*, 287 Neb. 917, 844 N.W.2d 806 (2014). We find no plain error in the statement made in the county court's order and do not address this assignment of error further.

[12] Becker also assigns that the district court erred in ruling that Becker's motion for fees and expenses was not timely filed; erred in affirming the county court's ruling that Walton met her burden of proof under § 6-337(c)(3) and (4); and erred in affirming the county court's ruling which denied him an award of fees and expenses associated with the proceedings held on the § 6-337(c) motion for fees and expenses, and in denying an award of fees incurred on appeal. Because we have determined, based on the reasons set forth above, that Becker is not entitled to fees and expenses pursuant to § 6-337(c) because he did not prove the matters which were the subject of his requests for admission, we need not address Becker's remaining assignments of error. See *Johnson v. Nelson*, 290 Neb. 703, 861 N.W.2d 705 (2015) (appellate court is not

obligated to engage in analysis that is not necessary to adjudicate case and controversy before it).

## CONCLUSION

Because Becker did not prove the matters which were the subject of his requests for admission, we affirm the district court's judgment affirming the county court's decision denying Becker's motion for fees and expenses pursuant to § 6-337(c).

Affirmed.